AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
JAN 27 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
v.
MAURICE LEROME SMITH (1)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 11CR0471-BEN

JOHN OWEN LANAHAN
Defendant's Attorney

REGISTRATION NO. 24299298

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

THE DEFENDANT:
☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) 1 AND 2 OF THE INDICTMENT.
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1591(a) and (b) | SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD AND COERCION | 1 |
| 18 USC 922(g)(1) | FELON IN POSSESSION OF A FIREARM | |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $200.00 ($100.00 per count) through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☒ Fine waived  ☒ Forfeiture pursuant to order filed AUGUST 25, 2011, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

DECEMBER 19, 2011
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

11CR0471-BEN

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: MAURICE LEROME SMITH (1)
CASE NUMBER: 11CR0471-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
COUNT 1: THREE HUNDRED AND SIXTY (360) MONTHS;
COUNT 2: ONE HUNDRED AND TWENTY (120) MONTHS CONCURRENT TO COUNT 1.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

11CR0471-BEN

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: MAURICE LEROME SMITH (1)
CASE NUMBER: 11CR0471-BEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
COUNT 1: FIVE (5) YEARS, COUNT 2: THREE (3) YEARS CONCURRENT TO COUNT 1.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: MAURICE LEROME SMITH (1)
CASE NUMBER: 11CR0471-BEN

Judgment—Page 4 of 9

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

☒ Not have unsupervised contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's deviant sexual behavior and conviction), and with the prior approval of the probation officer.

☒ Not associate with, or have any contact with any sex offenders unless in an approved treatment and/or counseling setting.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☒ No affiliation or contact with, or possession of any related paraphernalia for, any street gangs, including but not limited to the Little Africa Piru gang.

☒ Consent to the installation of systems that will enable the probation officer to monitor computer use any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

☒ Resolve all outstanding warrants within sixty (60) days.

☒ Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

☒ Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

11CR0471-BEN

AO 245S    Judgment in Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 9

DEFENDANT: MAURICE LEROME SMITH (1)
CASE NUMBER: 11CR0471-BEN

## RESTITUTION

The defendant shall pay restitution in the amount of   $90,000.00   unto the United States of America.

This sum shall be paid   ___ immediately.
                                          **x**   as follows:

Forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of $25.00 per quarter during the period of incarceration. Restitution shall be paid directly to the victim at the address that is maintained by the U.S. Attorney's Office in San Diego, California.

All proceeds received from the execution of the Amended Order of Criminal Forfeiture filed on August 25, 2011 shall go towards the fulfillment of restitution and be paid directly to the victim at the address that is maintained by the U.S. Attorney's Office in San Diego, California.

The Court has determined that the defendant   does   have the ability to pay interest. It is ordered that:

**x**   The interest requirement is waived.

___   The interest is modified as follows:

11CR0471-BEN

FILED

AUG 25 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11cr471-BEN |
| Plaintiff, | AMENDED ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MAURICE LEROME SMITH, | |
| Defendant. | |

1. On June 7, 2011, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of MAURICE LEROME SMITH ("Defendant") in the properties listed in the Indictment, namely,

    a. One black 1995 Mercedes Benz, California License No. 3NAH184, VIN# WDBGA43E45A240951;

    b. One black 2002 Hyundai, California License No. 5PKR690, VIN #KMHFU45E72A214566;

    c. One chrome colored watch with "crome" and "Azzaro" printed on the watch face;

    d. One watch with leather band marked with "Louis Vuitton";

    e. One chrome colored watch with "B.U.M. equipment" printed on the watch face;

    f. One silver and gold colored watch with "Halston" printed on the watch face;

    g. One silver and gold colored watch with "Rolex" printed on the watch face;

|   |   |   |
|---|---|---|
| 1 | h. | One silver colored watch with a cracked watch crystal; |
| 2 | i. | One silver colored chain; |
| 3 | j. | One silver colored bracelet; |
| 4 | k. | One gold colored pendant encrusted with diamond like stones; |
| 5 | l. | Five rings and three diamond like loose stones in a white ring box marked "Daniel's"; |
| 6 | m. | One pearl style necklace; |
| 7 | n. | One bronze colored pendant on a thin rope; |
| 8 | o. | One heart pendant on a chain; |
| 9 | p. | Two ornate gold colored rings; |
| 10 | q. | One tarnished ring band; |
| 11 | r. | One "abby" pendant; and |
| 12 | s. | One "little sister" pendant on a chain. |

2. The Court has determined, based on the evidence already in the record, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 922, that the Defendant had an interest in such property, and that the Government has established the requisite nexus between such property and such offenses:

        t.    One 12 gauge bolt action Mossberg Model 195 firearm with magazine.

3. For thirty (30) consecutive days ending on July 8, 2011, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

//
//

4. There were no potential third parties known to the United States to have alleged an interest in the forfeited properties; therefore, no one was provided with direct notice of the forfeiture.

5. Thirty (30) days have passed following the final date of notice by publication, and no third party has made a claim to or declared any interest in the forfeited properties described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of MAURICE LEROME SMITH and any and all third parties in the following properties are hereby condemned, forfeited and vested in the United States of America:

  a. One black 1995 Mercedes Benz, California License No. 3NAH184, VIN# WDBGA43E45A240951;

  b. One black 2002 Hyundai, California License No. 5PKR690, VIN #KMHFU45E72A214566;

  c. One chrome colored watch with "crome" and "Azzaro" printed on the watch face;

  d. One watch with leather band marked with "Louis Vuitton";

  e. One chrome colored watch with "B.U.M. equipment" printed on the watch face;

  f. One silver and gold colored watch with "Halston" printed on the watch face;

  g. One silver and gold colored watch with "Rolex" printed on the watch face;

  h. One silver colored watch with a cracked watch crystal;

  i. One silver colored chain;

  j. One silver colored bracelet;

  k. One gold colored pendant encrusted with diamond like stones;

  l. Five rings and three diamond like loose stones in a white ring box marked "Daniel's";

  m. One pearl style necklace;

|   |   |   |
|---|---|---|
| 1 | n. | One bronze colored pendant on a thin rope; |
| 2 | o. | One heart pendant on a chain; |
| 3 | p. | Two ornate gold colored rings; |
| 4 | q. | One tarnished ring band; |
| 5 | r. | One "abby" pendant; |
| 6 | s. | One "little sister" pendant on a chain; and |
| 7 | t. | One 12 gauge bolt action Mossberg Model 195 firearm with magazine. |

For thirty (30) consecutive days ending on July 8, 2011, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

There were no potential third parties known to the United States to have alleged an interest in the forfeited properties; therefore, no one was provided with direct notice of the forfeiture.

Thirty (30) days have passed following the final date of notice by publication, and no third party has made a claim to or declared any interest in the forfeited properties described above.

IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service (USMS) and any other governmental agencies which were incident to the seizure, custody and storage of the properties be the first charge against the forfeited properties.

IT IS FURTHER ORDERED that the USMS shall dispose of the forfeited properties according to law.

DATED: 1/27/2017

ROGER T. BENITEZ, Judge
United States District Court